**FILED**
**OCT 17 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
Plaintiff, )
)
v. )
)    Case: 1:11-cv-01827
CATHOLIC HEALTH EAST d/b/a )    Assigned To : Howell, Beryl A.
ST. MICHAEL'S MEDICAL CENTER )    Assign. Date : 10/17/2011
111 Central Avenue )    Description: Labor-ERISA
Newark, New Jersey 07102 )
)
Serve: President and C.E.O. )
Judith M. Perichilli )
3805 West Chester Pike, Suite 100 )
Newton Square, Pennsylvania 19073 )
)
Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a

multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant, Catholic Health East, is a Pennsylvania corporation that does business as Saint Michael's Medical Center at 111 Central Avenue, Newark, New Jersey, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

### JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound to and signatory at all relevant times to a Collective Bargaining Agreement with International Union of Operating Engineers District Council 1 that governs the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the Collective Bargaining Agreement.

7. Pursuant to the Agreement, Defendant agreed to pay to the Plaintiff certain sums of money for each hour paid to employees of the Defendant performing work covered by the Agreement within the jurisdiction of I.U.O.E. District Council 1.

8. During the months of March, August and September 2011, Defendant employed employees performing work under the Agreement for whom contributions were due to the Plaintiff.

9. During this period of time Defendant failed to pay to the Plaintiff the contributions owed under the Agreement.

10. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all costs and attorneys' fees and audit costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. During the months of March, August and September 2011, the Defendant failed to pay the contributions owed to the Plaintiff as required by the Agreement.

15. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreement and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiff.

17. The Plaintiff is entitled to judgment for all contributions owed for March, August and September 2011, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs, audit fees and attorneys' fees to the date of judgment.

18. The Plaintiff is entitled to judgment for all late and unpaid contributions owed after September 2011, plus liquidated damages, interest, costs, audit and attorneys' fees to the date to judgment.

**WHEREFORE,** Plaintiff prays judgment for Count I against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff for the months of March, August and September 2011 and continuing to the date of judgment.

B. For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. Costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Restated Agreement and Declaration of Trust through the date of judgment.

D. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: October 17, 2011     By: _____
R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200

*Attorney for the Plaintiff*